E-FILED
Friday, 24 July, 2026  10:14:44 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

BRICE MIXON,
    Plaintiff,

v.

Case No. 2:26-cv-02163-JEH

KLEM,
    Defendant.

## Merit Review Order

Plaintiff, proceeding *pro se* and currently detained at the Kankakee County Detention Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Correctional Officer Klem. During the relevant period, Plaintiff alleges he was housed at the old Kankakee County Detention

1

Center on Deck 2 Southwest in cell 8 with his cellmate Devonte Jackson. At approximately 8:00 a.m. on June 4 or 5, 2024,[1] Defendant Klem came to the cell and asked if Plaintiff and his cellmate needed cleaning materials to clean their cell. While Defendant Klem was at the doorway of the cell, he allegedly witnessed Plaintiff's cellmate verbally threaten to beat up and "smack" Plaintiff. (Doc. 1 at ¶ 7). Despite Defendant Klem witnessing Devonte Jackson's aggressive behavior, Defendant allegedly did nothing to address the behavior and left the cell.

Shortly thereafter, Plaintiff left the cell, told Defendant Klem that he feared his cellmate would physically attack him, and begged Defendant to move him to another cell and to protect him from an attack. Plaintiff alleges Defendant Klem did not move him or protect him. Instead, Defendant Klem ordered Plaintiff not to provoke or talk to his cellmate. Plaintiff then walked back to his cell. At the doorway of the cell, Devonte Jackson brutally attacked Plaintiff, causing serious physical injuries.

### III

As a pretrial detainee, Plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). To establish a Fourteenth Amendment failure-to-protect claim, Plaintiff must allege that "(1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the

---

[1] The exact date of the alleged incident is unclear. Paragraph 5 refers to June 5, 2024. Paragraph 14 refers to June 4, 2024. The exact date of the incident can be clarified during discovery.

2

defendant, by not taking such measures, caused the plaintiff's injuries." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). Based on Plaintiff's allegations, the Court finds that Plaintiff may proceed on a Fourteenth Amendment failure-to-protect claim against Defendant Klem for allegedly failing to protect him from his cellmate.

**IT IS THEREFORE ORDERED:**

1)    According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on a Fourteenth Amendment failure-to-protect claim against Defendant Klem for allegedly failing to protect Plaintiff from his cellmate. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel files an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3)    The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4)    Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

3

subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

8)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

10)    Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: July 24, 2026

s/Jonathan E. Hawley
U.S. District Judge